United States District Court
Southern District of Texas
**ENTERED**
October 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **AZAEL PATRICK FRAGA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-4584** |
| | § | |
| **MASTEC, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION**

Pending before the Court[1] is Defendant Mastec, Inc.'s ("Mastec") Motion to Dismiss. (ECF No. 3). Based on a review of the motion, arguments, and relevant law, the Court **GRANTS** Mastec's Motion to Dismiss (*id.*).

## I. Background

On April 22, 2026, Plaintiff Azael Fraga ("Plaintiff") filed this employment action against Mastec in the 80th Judicial District Court of Harris County, Texas, asserting claims for "wrongful termination/breach of contract" and "duress regarding execution of disciplinary/corrective action notice." (ECF No. 1-1). In the original petition, Plaintiff alleges he was hired by Mastec in June 2023 and successfully performed his duties during his three years of employment. (*Id.* at 3). Plaintiff alleges he never received disciplinary action

[1] The parties consented to proceed before a Magistrate Judge for all proceedings under 28 U.S.C. § 636(c). (ECF No. 12).

and that Mastec maintains a "progressive discipline policy," which requires multiple disciplinary notices before an employee may be terminated; a termination based on a single disciplinary action is prohibited. (*Id.*). Plaintiff alleges that on or about April 10, 2026, Mastec gave Plaintiff a "Disciplinary/Corrective Action Notice," which was the first and only such notice that Plaintiff received during his employment. (*Id.*). Plaintiff further alleges he was "pressured, coerced, and/or threatened" by Mastec's agents and supervisors into signing the notice under duress and he was not given an opportunity to review it or decline signing it. (*Id.*). Plaintiff contends his "signature was obtained through improper pressure rather than voluntary and informed consent." (*Id.*). Plaintiff alleges that immediately after he signed the notice, Mastec terminated his employment, which violated Mastec's own disciplinary policy. (*Id.* at 3–4). For relief, Plaintiff seeks damages. (*Id.* at 5).

On June 10, 2026, Mastec removed the case to this court based on diversity jurisdiction. (ECF No. 1). A week later, Mastec filed the instant Motion to Dismiss for failure to state a claim. (ECF No. 3). Mastec argues Plaintiff was not entitled to any advanced disciplinary warnings prior to his termination because his employment was at-will, and it is not unlawful to ask

an employee to sign a disciplinary action. (*Id.* at 5). Plaintiff has not responded, and the time for doing so has passed.[2]

## II. Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all

---

[2] ECF No. 8 is docketed as a "Response" to the motion to dismiss, but it is Plaintiff's certificate of compliance with order for conference and disclosure of interested parties.

reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) ("Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level . . . .") (internal quotations omitted)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Firefighters' Ret. Sys.*, 894 F.3d at 669 (quoting *Iqbal*, 556 U.S. at 678). "The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999) (internal quotations omitted).

To determine whether to grant a Rule 12(b)(6) motion, a court may only look to allegations in a complaint to determine their sufficiency. *Id.*; *Atwater Partners of Texas LLC v. AT & T, Inc.*, No. 2:10-cv-175, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011). "A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose

authenticity is unquestioned." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-cv-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024).

## III. Discussion

Mastec argues Plaintiff fails to state a claim for "Wrongful Termination/Breach of Contract" because the at-will employment doctrine forecloses this claim. (ECF No. 3 at 8). Specifically, Mastec argues Plaintiff has not identified an enforceable contract specifically depriving Mastec of the right to terminate the employment relationship at will. (*Id.*) Mastec further argues Plaintiff's allegation that Mastec maintains a progressive disciplinary policy is insufficient to overcome the at-will employment doctrine. (*Id.* at 8–9).[3]

Next, Mastec argues Plaintiff fails to state a claim for duress because it is not illegal for Mastec to have asked Plaintiff to sign a disciplinary notice.

---

[3] Mastec also attaches to its motion an Employee Handbook and a declaration from Senior Regional HR Manager Michele Overs, and Mastec asserts that it "does not have a 'progressive discipline policy.'" (ECF No. 3 at 9–11; ECF No. 3-2; ECF No. 3-3). Although "[t]he court may review the documents attached to the motion to dismiss . . . where the complaint refers to the documents and they are central to the claim," *see Moore v. Potter*, 275 F. App'x 405, 409 n.2 (5th Cir. 2008) (citing *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003)), it is unclear whether the complaint incorporates the Handbook, as there is no mention of it and the Handbook does not appear to include a progressive discipline policy. Whether the Handbook is the policy Plaintiff refers to, and whether it governed his employment, are factual issues the Court cannot resolve on a Rule 12(b)(6) motion, and the Overs declaration is outside the pleadings. The Court therefore does not convert the motion into one for summary judgment. *See* FED. R. CIV. P. 12(d). Nonetheless, even if the Court were to consider the Handbook, as explained further below, it does not create specific limitations modifying the at-will employment doctrine.

(*Id.* at 12). To that end, Mastec points out that Plaintiff does not allege Mastec exerted any improper or unlawful threats against him regarding his execution of the April 10 Disciplinary/Corrective Action Notice. (*Id.* at 13).

Plaintiff did not respond to Mastec's motion. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. TEX. LOCAL R. 7.4. What's more, "[t]his circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings." *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023).[4] Regardless of Plaintiff's failure to respond to the motion to dismiss, the Court will consider the merits of Mastec's motion before the Court. *See Gonzalez v. Mongo*, No. 24-cv-5145, 2025 WL 2174763, at *2 (S.D. Tex. July 31, 2025); *Chilton v. Tex. S. Univ.*, No. 4:24-cv-1646, 2024 WL 4282092, at *1 (S.D. Tex. Sep. 24, 2024) ("[W]here a party does not respond to a motion to dismiss, such failure does not permit the Court to enter a 'default' dismissal.").

**A. Wrongful Termination/Breach of Contract**

Because the Court's jurisdiction rests on diversity of citizenship, the Court applies the substantive law of Texas. *See Erie R.R. Co. v. Tompkins*, 304

[4] Indeed, Plaintiff has indicated he is able to participate in this litigation as evidenced by the filing of discovery responses on the docket (ECF Nos. 16–18), which the Court subsequently struck as improper pursuant to Local Rule 5.4 (ECF No. 19). Plaintiff has nonetheless not responded to Mastec's motion to dismiss.

U.S. 64, 78 (1938). Plaintiff pleads a claim for "wrongful termination/breach of contract," which rests on the allegations that Mastec "maintains an established progressive discipline policy" requiring "multiple documented disciplinary and/or corrective action notices before an employee may be terminated" and that Mastec breached that policy by terminating Plaintiff after issuing only one such notice. (ECF No. 1-1 at 3–4). Even with those allegations, however, the Complaint fails to state a claim.

Texas adheres to the at-will employment doctrine. "The long-standing rule in Texas provides for employment at will, terminable at any time by either party, with or without cause, absent an express agreement to the contrary." *Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993) (per curiam) (citations omitted); *see also Sawyer v. E. I. du Pont de Nemours & Co.*, 430 S.W.3d 396, 399 (Tex. 2014) (noting that the general rule in Texas "has been that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all."). "Texas law imposes a strong presumption in favor of at-will employment." *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 870 (5th Cir. 2016) (per curiam) (citation omitted). "That presumption applies unless the relationship has been expressly altered by contract or 'by express rules or policies limiting the conditions under which an employee may be terminated.'"

*Parsons v. Priester Aviation, LLC*, No. 22-cv-105, 2022 WL 1507202, at *3 (S.D. Tex. May 12, 2022) (quoting *Muncy v. City of Dallas, Tex.*, 335 F.3d 394, 398 (5th Cir. 2003)). For a binding contract to exist, "the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances." *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). A limitation on at-will employment "cannot simply be inferred." *Cnty. of Dall. v. Wiland*, 216 S.W.3d 344, 354 (Tex. 2007) (citation omitted).

These principles have been applied to employer policies like the one Plaintiff invokes here. "Texas law 'general[ly] reject[s] the claim that employment manuals issued unilaterally by an employer can per se constitute written employment contracts and create specific limitations which take the cases out of the at-will doctrine.'" *Heggemeier*, 826 F.3d at 871 (quoting *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 471 (5th Cir. 1991)). Absent any express reciprocal agreement regarding discharge, employee handbooks "constitute no more than general guidelines and do not create contractual rights in employees." *Id.* (quoting *Garcia v. Reeves Cnty.*, 32 F.3d 200, 203–04 (5th Cir. 1994)). "Employment rules that 'provide for progressive disciplinary procedures, such as verbal warning for the first breach; written warning for the second breach; and discharge for the third breach,' are not

enough on their own to create an express agreement to be bound by those policies." *Parsons*, 2022 WL 1507202, at *4 (citing *Reynolds Mfg. Co. v. Mendoza*, 644 S.W.2d 536, 537–38 (Tex. App.—Corpus Christi 1982, no pet.)); *see also Matagorda Cnty. Hosp. Dist. v. Burwell*, 189 S.W.3d 738, 739–40 (Tex. 2006) (rending judgment for employer where employee contended that a policy manual constituted an agreement that dismissal may be only for cause and therefore modified the at-will employment relationship).

Applying these principles here, the Complaint does not state a breach-of-contract claim. Plaintiff does not allege that he and Mastec entered into a written or oral employment agreement limiting the circumstances in which Plaintiff could be terminated. The Complaint merely alleges that Mastec "maintains an established progressive discipline policy that requires multiple documented disciplinary and/or corrective action notices before an employee may be terminated." (ECF No. 1-1 at 3). The Complaint, however, says nothing about the policy's terms, its source, or any express language where Mastec agreed to limit the conditions under which Plaintiff could be terminated. As alleged, the progressive discipline policy does not limit Mastec's right to terminate an at-will employee. *See Parsons*, 2022 WL 1507202, at *4. Because Plaintiff has not alleged an enforceable agreement limiting Mastec's right to terminate him at will, his wrongful

termination/breach of contract claim fails as a matter of law. Plaintiff has not responded to Mastec's arguments to the contrary. The Court thus concludes that Plaintiff fails to state a claim for wrongful termination/breach of contract.

**B. Duress**

Plaintiff's second claim concerns the Disciplinary/Corrective Action Notice he signed on or about April 10, 2026. (ECF No. 1-1 at 3). Plaintiff alleges Mastec's "agents and/or supervisors" "pressured, coerced, and/or threatened" him into signing the notice, he was not given "a meaningful opportunity to review, dispute, seek counsel regarding, or decline to sign" it, and Mastec terminated him "on the spot" immediately after he signed it. (ECF No. 1-1 at 3–4). Plaintiff further contends the notice "is void or voidable" because it was signed under duress and Mastec "may not rely upon it as a legitimate basis for [his] termination." (*Id.* at 5).

If a party's manifestation of assent is induced by duress by threat, it makes a contract voidable. RESTATEMENT (SECOND) OF CONTRACTS § 175 (AM. L. INST. 1981). "A common element of duress . . . is improper or unlawful conduct or threat of improper or unlawful conduct that is intended to and does interfere with another person's exercise of free will and judgment." *Dall. Cnty. Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 878–79 (Tex. 2005). "The compulsion must be actual and imminent, and not merely feigned or

imagined." *Id.* Texas courts have consistently followed the rule that there can be no duress unless: "(1) there is a threat to do something that a party threatening has no legal right to do, (2) there is some illegal exaction or some fraud or deception, and (3) the restraint is imminent and such as to destroy free agency without present means of protection." *Brown v. Cain Chem., Inc.*, 837 S.W.2d 239, 244 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (citation omitted).

The Complaint does not allege facts that satisfy these standards. First, Plaintiff pleads only conclusory allegations—he alleges that unidentified "agents and/or supervisors" "pressured, coerced, and/or threatened" him and "exerted improper pressure" (ECF No. 1-1 at 3–4), but he does not say who spoke to him, what was said or done, or what threat was made. These allegations are merely "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," which do not suffice at the motion to dismiss stage. *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."). Second, to the extent Plaintiff alleges he signed the disciplinary notice because he feared losing his job and Mastec terminated him immediately after he signed it, this does not suffice as duress by threat. As explained above,

Plaintiff was an at-will employee whom Mastec could lawfully terminate at any time without cause. A threat to take an action one has the legal right to take is not "a threat to do something that a party threatening has no legal right to do." *Brown*, 837 S.W.2d at 244. Third, Plaintiff's assertion that he lacked "a meaningful opportunity to review, dispute, seek counsel regarding, or decline to sign" the notice is likewise conclusory. (ECF No. 1-1 at 3). Plaintiff does not allege facts showing his exercise of free will and judgment were inhibited. Without further factual content, the allegation is a conclusion the Court need not accept. Plaintiff offers no response to these deficiencies. The Court therefore concludes Plaintiff has failed to state a claim for duress.

**C. Leave to Amend**

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

Here, Plaintiff did not respond to the Motion to Dismiss, and he has not sought leave to amend his pleadings or explain how he would amend his pleadings, if allowed to do so, to cure the deficiencies identified by Mastec. Moreover, in not responding to the Motion to Dismiss, Plaintiff effectively abandoned his claims. *See McClelland*, 63 F.4th at 1010; *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in response to a motion to dismiss). As such, the Court grants Mastec's motion to dismiss Plaintiff's claims and does not grant Plaintiff leave to amend. *See Aromaye v. Moynihan*, No. 3:24-cv-981, 2025 WL 426078, at *2 (N.D. Tex. Feb. 7, 2025) (granting a motion to dismiss because plaintiff abandoned his claims by not responding to the motions to dismiss and finding that allowing leave to amend was not warranted).

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** Mastec's Motion to Dismiss (ECF No. 9). The Court further **ORDERS** Plaintiff's cause of action be **DISMISSED WITH PREJUDICE**. A final judgment will follow.

**SIGNED** in Houston, Texas on October 19, 2026.

Richard W. Bennett
United States Magistrate Judge